CASE NO. 3:23-cv-02071-E
_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION**
_____

**IN RE: HIGHLAND CAPITAL MANAGEMENT, L.P.,**
*Reorganized Debtor*
_____

**HUNTER MOUNTAIN INVESTMENT TRUST,**
Appellant,

v.

**HIGHLAND CAPITAL MANAGEMENT, L.P., et al.,**
Appellees.
_____

**On Appeal from the United States Bankruptcy Court for the Northern
District of Texas, Case No. 19-34054-slg11
The Honorable Judge Jernigan, Presiding**
_____

**UNOPPOSED MOTION TO FILE OVERSIZED BRIEF**
_____

| | |
|---|---|
| Sawnie A. McEntire | Roger L. McCleary |
| State Bar No. 13590100 | State Bar No. 13393700 |
| smcentire@pmmlaw.com | rmccleary@pmmlaw.com |
| 1700 Pacific Avenue, Suite 4400 | One Riverway, Suite 1800 |
| Dallas, Texas 75201 | Houston, Texas 77056 |
| Telephone: (214) 237-4300 | Telephone: (713) 960-7315 |
| Facsimile: (214) 237-4340 | Facsimile: (713) 960-7347 |

*Attorneys for Appellants*

Appellant Hunter Mountain Investment Trust ("HMIT" or "Appellant") files this motion ("Motion") for entry of an order extending the length of Appellant's opening brief to not more than 14,500 words, subject to the items not included in the word count under Fed. R. Bankr. P. 8015(g), and the number of pages to accommodate this requested increase in word count.

Counsel for Appellant has conferred with counsel for Appellees regarding this request, and Appellees are unopposed to the relief requested in this Motion provided the Court grants Appellees a reciprocal increase in word count. In support of this Motion, Appellants respectfully show as follows:

1.

On December 7, 2023, the Transmittal and Certification of Record on Appeal was filed, along with 42 out of 43 volumes of the appellate record which were also transmitted to this Court. However, this did not include Volume 1 of the Appellate Record, which contains approximately 1608 pages. *See* Dkt. 23-1. The complete record was not transferred to this Court until December 18, 2023, when the Bankruptcy Clerk transferred, "Volume 1 Mini Record, with 1608 Pages" to this Court. *See* Dkt. 24 and Dkt. 24-1.

Due to the partial record omission and subsequent delay in transmittal, holidays, and other scheduling conflicts involving Appellant's counsel, Appellant sought and obtained a fourteen (14) day extension of the deadline to file its opening

brief. Dkt. 26. After drafting its opening brief in principal, however, Appellant has realized that its brief will exceed the 13,000 word limit and any associated page limit under Fed. R. Bankr. P. 8015(a)(7).

**2.**

Good cause exists for the requested enlargement of Appellant's opening brief. This Appeal seeks relief from the Bankruptcy Court's Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding [Bankr. Dkt. 3903], Order Denying Motion of Hunter Mountain Investment Trust Seeking Relief Pursuant to Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024 [Bankr. Dkt. 3936], and related interlocutory orders (collectively, the "Order Denying Leave").

The primary Memorandum Opinion and Order [Bankr. Dkt. 3903] itself was 105 pages long. Also, HMIT must address several complex issues of fact and law, including without limitation: (1) the standard for determining the "colorability" of claims during the initial pleading stages of a case under a "gatekeeper" order, (2) whether HMIT's proposed adversary complaint met the "colorability" standard, and (3) whether HMIT has standing to seek the relief requested in its proposed adversary complaint. The "colorability" discussion is particularly intricate because the

Bankruptcy Court crafted a new standard for this case to determine "colorability"—a central legal holding that warrants substantial attention.

Additionally, the Bankruptcy Court's holdings are multiple and in the alternative, so HMIT must address them all. As part of that challenge, HMIT must address an appellate record that is sizeable—over 10,000 total pages including almost 400 pages of a transcript of an evidentiary hearing and over 4,150 pages of associated exhibits. Despite significant effort, addressing the lengthy procedural history and the bankruptcy court's multiple and alternative rulings requires more than the standard 13,000 words.

In addition to the Memorandum Opinion and Order [Bankr. Dkt. 3903], HMIT must also address other related orders entered by the Bankruptcy Court, such as its order setting an evidentiary hearing [Bankr. Dkt. 3787], order denying (in part) HMIT's request for discovery [Bankr. Dkt. 3800], and the order striking HMIT's expert proffer [Bankr. Dkt. 3869]. Each of these orders warrants individual discussion. For a full and fair presentation of the issues, HMIT respectfully requests that the court grant this Motion.

For the above reasons, Appellant respectfully requests permission to file an opening brief no longer than 14,500 words, subject to the items not included in the word count under Fed. R. Bankr. P. 8015(g), and the number of pages to accommodate this requested increase in word count.

As indicated above, this request is not opposed by Appellees, provided the Court grants Appellees a reciprocal enlargement of the word count (an additional 1,500 words) for their response brief, which Appellants do not oppose.

DATED: January 22, 2024

Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By: */s/ Roger L. McCleary*
Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

***Counsel for Appellant, Hunter Mountain Investment Trust***

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 22, 2024, I conferred with counsel for all Appellees, who all indicated that Appellees are unopposed to the requested enlargement of Appellant's opening brief to no more than 14,500 words, subject to the items not included in the word count under Fed. R. Bankr. P. 8015(g), and the number of pages to accommodate this requested increase in word count, provided, however, the Court allows Appellees a reciprocal enlargement of the word count of their response brief.

/s/ Roger L. McCleary
Roger L. McCleary

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, a true and correct copy of the foregoing document was served electronically upon all parties via the Court's CM/ECF system.

/s/ Roger L. McCleary
Roger L. McCleary