IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUNTER MOUNTAIN INVESTMENT TRUST, et al. | § § § § | |
| Appellant, | § § | Civil Action No. 3:23-CV-02834-E |
| v. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., et al. | § § § § | |
| Appellees | § § | |

## ORDER

Before the Court is Appellant Hunter Mountain Investment Trusts' appeal of bankruptcy court orders related to the denial of the Emergency Motion for Leave to File Verified Adversary Proceeding. The Appellee parties, consisting of the Purchaser-Appellees and the Highland-Appellees, move to dismiss the appeal, arguing that Appellant lacks standing. After this appeal was filed, the Fifth Circuit issued its opinion in *Matter of Highland Cap. Mgmt., L.P.*, (hereinafter "*Highland II*") which instructs the bankruptcy court to amend the contents of the Gatekeeper Provision—the provision this appeal is premised upon. No. 23-10534, 2025 WL 841189 (5th Cir. Mar. 18, 2025) Accordingly, this Court *sua sponte* **REMANDS** this appeal to the bankruptcy court for review in light of the Fifth Circuit's opinion.

### I. Background

This bankruptcy appeal is part of the ongoing Chapter 11 bankruptcy case of Highland Capital Management, L.P. (ECF No. 1-1 at 7). The instant appeal arises from the bankruptcy court's denial of the Emergency Motion for Leave to File Verified Adversary Proceeding, (hereinafter the "Motion"), filed by Appellant Hunter Management Investment Trust, (hereinafter "HMIT"), a

former equity owner of Highland Capital Management, L.P. (ECF No. 1-1 at 7). Highland's reorganization plan, (hereinafter, the "Plan"), was confirmed by the bankruptcy court in 2021 and, as such, the Motion was filed as a post-confirmation dispute (ECF No. 1-1 at 7). The 2021 Plan included a Gatekeeper Provision, prohibiting enjoined parties from taking specific actions against protected parties, stating:

> [N]o Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing with the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party[.]

*Highland II*, 2025 WL 841189 at *2. Thus, pursuant to the above Gatekeeper Provision, HMIT sought leave from the bankruptcy court before filing their adversary proceeding. After motion briefing and a hearing, the bankruptcy court denied HMIT's Motion for three independent reasons:

> (1) HMIT would lack constitutional standing to bring the Proposed Claims (and, thus, the federal courts would lack subject matter jurisdiction over the Proposed Claims); (2) even if HMIT would have constitutional standing to pursue the Proposed Claims, it would lack prudential standing to bring the Proposed Claims; and (3) even if HMIT would have both constitutional standing and prudential standing to bring the Proposed Claims, it has not met its burden under the Gatekeeper Colorability Test of showing that the proposed claims are "colorable claims"—that the Proposed Claims are not without foundation, not without merit, and not being pursued for an improper purpose.

(ECF No. 1-1 at 109). Appellant HMIT timely appealed. (ECF No. 1). Briefing was completed by the parties and a notice of supplemental authority was filed. (ECF Nos. 29; 34; 35; 38; 39).

Subsequently, on March 18, 2025, the Fifth Circuit issued its opinion addressing the underlying Gatekeeper Provision relevant to this case. *See generally Matter of Highland Cap. Mgmt., L.P.*, 2025 WL 841189.

## II.   INTERVENING FIFTH CIRCUIT AUTHORITY

The March 18, 2025, opinion, *Highland II,* is the second direct appeal to the Fifth Circuit Court of Appeals regarding the Plan's Exculpation and Gatekeeping Clauses. *Matter of Highland Cap. Mgmt., L.P.*, 2025 WL 841189. In the first case, *Matter of Highland Cap. Mgmt., L.P.,* (hereinafter "*Highland I")*, several parties associated with James Dondero, the former co-founder of Highland Capital Management, as well as the United States Trustee, objected to the Plan as put forth by the unsecured creditors' committee and the independent directors on the grounds that, amongst other things, the provisions constituted an impermissible nonconsensual release of non-debtors' claims against other non-debtors. 48 F.4th 415, 427-429 (5th Cir. 2022). In *Highland I*, the Fifth Circuit reversed the bankruptcy court "only insofar as the plan exculpates certain non-debtors in violation of 11 U.S.C. § 524(e), str[uck] those few parties from the plan's exculpation, and affirm[ed] on all remaining grounds." *Matter of Highland Cap. Mgmt., L.P.*, 2025 WL 841189 at 3. Following *Highland I*, the bankruptcy court amended only the definition of the term "Exculpated Parties" in the Exculpation Clause but declined to change the definition of "Protected Parties" used in the Gatekeeper Clause. *Matter of Highland Cap. Mgmt., L.P.*, 2025 WL 841189 at 3.

The *Highland II* appeal followed with Appellants arguing that the bankruptcy court erred in failing to narrow the definition of "Protected Parties" used in the Gatekeeper Clause to mirror its narrowing of the "Exculpated Parties" in the Exculpation Clause. *Matter of Higland Cap. Mgmt., L.P.*, 2025 WL 841189 at 4. In its March 28, 2025, opinion, the Fifth Circuit held that the

Gatekeeper Clause included in the Plan had not been properly amended by the bankruptcy court and, as such, remanded the case. *Matter of Highland Cap. Mgmt., L.P.*, 2025 WL 841189 at 4. Specifically, the Fifth Circuit instructed the bankruptcy court as follows,

> As it must, *Highland I* obeys these bedrock principles concerning bankruptcy courts' power to protect non-debtors. Consequently, the proper reading of *Highland I* is to require the bankruptcy court to narrow the definition of "Protected Parties" used in the Gatekeeper Clause coextensively with the definition of "Exculpated Parties" used in the Exculpation Provision, to read simply: "collectively, (i) the Debtor; (ii) the Independent Directors, for conduct within the scope of their duties; (iii) the Committee; and (iv) the members of the Committee in their official capacities, for conduct within the scope of their duties." Both (1) the opinion's plain language and (2) the change made to the opinion on rehearing elucidate this holding.

*Matter of Highland Cap. Mgmt., L.P.*, 2025 WL 841189 at 4.

In the instant appeal before this Court, HMIT was required to seek leave of court prior to filing their adversarial proceeding. In denying its' Motion, the bankruptcy court held that under the Gatekeeper Clause, as it existed at the time, that HMIT lacked standing to bring the adversarial proceeding. (*see generally* ECF No. 1-1). As remanded, the bankruptcy court has not had an opportunity to address the jurisdictional issues on appeal—in light of the remanded instruction. Consequently, the Court *sua sponte* remands this appeal to the bankruptcy court to permit its review of this issue. The Court takes no position as to whether the bankruptcy court erred in its jurisdictional determination.

(*this space left intentionally blank*)

### III. CONCLUSION

Accordingly, the Court **REMANDS** this appeal to the bankruptcy court for consideration in light of the Fifth Circuit's recent opinion.

**SO ORDERED:** this 21st day of March, 2025.

Ada Brown
UNITED STATES DISTRICT JUDGE